CHAMBERS

84

# FILED

## NOV 2 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT FOURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CERUS CORPORATION SECURITIES LITIGATION | Master File No. C-03-5517-JF(RS) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | |

DATE:       November 17, 2006
TIME:        10:30 a.m.
COURTROOM:  The Honorable
                          Jeremy Fogel

WHEREAS, a consolidated class action is pending before the Court entitled *In re Cerus Corporation Securities Litigation*, Master File No. C-03-5517-JF(RS) (the "Litigation");

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated August 29, 2006 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on February 16, 2007, at 9:00 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as defined in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel.  The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Cerus common stock between December 19, 2000 and January 30, 2003, inclusive.  Excluded from the Settlement Class are the Defendants, members of the immediate

1   families of the Individual Defendants, any entity in which any Defendant has a controlling interest,

2   and the legal representatives, heirs, successors, or assigns of any Defendant. Also excluded from the

3   Settlement Class are those Persons who timely and validly request exclusion from the Settlement

4   Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action (the "Notice").

5        4.      With respect to the Settlement Class, this Court preliminarily finds for purposes of

6   effectuating this Settlement that: (a) the members of the Settlement Class are so numerous that

7   joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of

8   law and fact common to the Settlement Class which predominate over any individual questions; (c)

9   the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead

10  Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the

11  interests of all of the Settlement Class Members; and (e) a class action is superior to other available

12  methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the

13  members of the Settlement Class in individually controlling the prosecution of the separate actions;

14  (ii) the extent and nature of any litigation concerning the controversy already commenced by

15  members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of

16  these claims in this particular forum; and (iv) the difficulties likely to be encountered in the

17  management of the Litigation.

18       5.      The Court approves, as to form and content, the Notice, the Proof of Claim and

19  Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1,

20  A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the

21  Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the

22  requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice

23  practicable under the circumstances and shall constitute due and sufficient notice to all Persons

24  entitled thereto.

25       6.      Plaintiffs' Lead Counsel are hereby authorized to retain the firm of Gilardi & Co.

26  LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the

27  processing of claims as more fully set forth below:

28

(a)     Not later than December 4, 2006 (the "Notice Date"), Plaintiffs' Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than December 5, 2006, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall cause to be served on Defendants' Counsel of Record and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased or otherwise acquired Cerus common stock during the period beginning December 19, 2000 through January 30, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Cerus common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Plaintiffs' Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     All members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim

1  within the time provided for shall be barred from sharing in the distribution of the proceeds of the

2  Settlement Fund, unless otherwise ordered by the Court.

3        10.     Any Person who desires to request exclusion from the Settlement Class shall do so

4  within the time set forth and in the manner described in the Notice.  All Persons who submit valid

5  and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under

6  the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

7  by the Stipulation or the Judgment entered in the Litigation.

8        11.     Any member of the Settlement Class may enter an appearance in the Litigation, at

9  their own expense, individually or through counsel of their own choice.  If they do not enter an

10  appearance, they will be represented by Plaintiffs' Lead Counsel.

11        12.     Any member of the Settlement Class may appear and show cause, if he, she or it has

12  any reason, why the proposed Settlement of the Litigation should or should not be approved as fair,

13  reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of

14  Allocation should or should not be approved, or why attorneys' fees and expenses should or should

15  not be awarded to Plaintiffs' Lead Counsel; provided, however, that no Settlement Class Member or

16  any other Person shall be heard or entitled to contest the approval of the terms and conditions of the

17  proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the

18  order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to

19  Plaintiffs' Lead Counsel, unless that Person has delivered by hand or sent by first class mail written

20  objections and copies of any papers and briefs such that they are received on or before February 1,

21  2007, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 W. Broadway,

22  Suite 1900, San Diego, CA 92101; Morrison & Foerster LLP, Jordan Eth, 425 Market Street, San

23  Francisco, CA 94105-2482, and filed said objections, papers and briefs with the Clerk of the United

24  States District Court for the Northern District of California, San Jose Division, on or before February

25  1, 2007.  Any member of the Settlement Class who does not make his, her or its objection in the

26  manner provided shall be deemed to have waived such objection and shall forever be foreclosed

27  from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the

28

1  Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs'

2  Lead Counsel, unless otherwise ordered by the Court.

3        13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

4  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

5  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

6        14.    All papers in support of the Settlement, the Plan of Allocation, and any application by

7  Plaintiffs' Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served

8  seven (7) calendar days prior to the Settlement Hearing.

9        15.    The Plan of Allocation and any application for attorneys' fees or reimbursement of

10  expenses submitted by Plaintiffs' Lead Counsel, and such matters will be considered separately from

11  the fairness, reasonableness and adequacy of the Settlement.  At or after the Settlement Hearing, the

12  Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any

13  application for attorneys' fees or reimbursement of expenses shall be approved.

14        16.    All reasonable expenses incurred in identifying and notifying Settlement Class

15  Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

16  In the event the Settlement is not approved by the Court, or otherwise fails to become effective,

17  neither the Lead Plaintiffs nor Plaintiffs' Lead Counsel shall have any obligation to repay any

18  amounts actually and properly disbursed from the Notice and Administration Fund.

19        17.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

20  or proceedings connected with it, shall be construed as an admission or concession by Defendants of

21  the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any

22  kind.

23

24

25

26

27

28

1      18.    The Court reserves the right to adjourn the date of the Settlement Hearing without

2  further notice to the members of the Settlement Class, and retains jurisdiction to consider all further

3  applications arising out of or connected with the proposed Settlement.  The Court may approve the

4  Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

5  without further notice to the Settlement Class.

6      IT IS SO ORDERED.

8  DATED:   11-17-06

         THE HONORABLE JEREMY FOGEL
9         UNITED STATES DISTRICT JUDGE

10  Submitted by:

11  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
12  PATRICK J. COUGHLIN
   JOHN K. GRANT
13  LUKE O. BROOKS
   100 Pine Street, Suite 2600
14  San Francisco, CA  94111
   Telephone: 415/288-4545
15  415/288-4534 (fax)

16  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
17  WILLIAM S. LERACH
   JOY ANN BULL

20  JOY ANN BULL

21  655 West Broadway, Suite 1900
   San Diego, CA  92101
22  Telephone:  619/231-1058
   619/231-7423 (fax)

23

   Lead Counsel for Plaintiffs
24

   S:\Settlement\Cerus.set\(v2) EA-00033098.doc
25