**E-filed 2/16/07**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CERUS CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-03-5517-JF(RS)<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:   February 16, 2007<br>TIME:    9:00 a.m.<br>COURTROOM:  The Honorable<br>                              Jeremy Fogel |

1      This matter came before the Court for hearing pursuant to an Order of this Court, filed
2 November 21, 2006, on the application of the Settling Parties for approval of the Settlement set forth
3 in the Stipulation and Agreement of Settlement filed on September 8, 2006 (the "Stipulation").  Due
4 and adequate notice having been given of the Settlement as required in said Order, and the Court
5 having considered all papers filed and proceedings held herein and otherwise being fully informed in
6 the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
7 DECREED that:
8      1.    This Judgment incorporates by reference the definitions in the Stipulation, and all
9 terms used herein shall have the same meanings set forth in the Stipulation.
10     2.    This Court has jurisdiction over the subject matter of the Litigation and over all
11 parties to the Litigation, including all members of the Settlement Class.
12     3.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached
13 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation
14 and all claims contained therein, including all of the Released Claims, are dismissed with prejudice
15 as to the Lead Plaintiffs and the other members of the Settlement Class, and as against Defendants.
16 The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.
17     4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
18 approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects,
19 fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement
20 Class and each of the Settlement Class Members.  This Court further finds the Settlement set forth in
21 the Stipulation is the result of arm's-length negotiations between experienced counsel representing
22 the interests of the Lead Plaintiffs, the Settlement Class Members and Defendants.  Accordingly, the
23 Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated
24 in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the
25 terms of the Stipulation.
26     5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby
27 certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who
28 purchased or otherwise acquired Cerus common stock between December 19, 2000 and January 30,

2003, inclusive. Excluded from the Settlement Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action (the "Notice").

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, the Representative Plaintiffs hereby fully, finally, and forever release, relinquish and discharge all Released Claims (including Unknown Claims) against each and all of the Released Persons.

8. Upon the Effective Date, each and all Settlement Class Members shall be deemed to have fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date, each of the Released Persons shall fully, finally, and forever release, relinquish and discharge the Representative Plaintiffs and each and all of the other Settlement Class Members, and Representative Plaintiffs' Counsel, from all claims (including

Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Litigation or the Released Claims.

10. Upon the Effective Date, each of the Defendants hereby fully, finally, and forever releases, relinquishes and discharges against each of the other Defendants and their respective Related Parties the following: all claims arising out of, relating to, or in connection with (1) the Released Claims; (2) the payments provided for in ¶ 2.1 of the Stipulation; and (3) the payment of attorneys' fees, costs and expenses incurred in defense of this Litigation. Specifically excluded from the releases in this paragraph are: (i) any claims, rights, demands, causes of action, liabilities, and suits arising out of the claims that are or may be asserted by any Person falling within the definition of the Settlement Class who validly and timely requested to be excluded from the Settlement of the Litigation as provided for in the Stipulation; and (ii) any right of Cerus's current and former officers and directors to receive (or obligation to repay) indemnification or advancement of legal expenses arising from law and/or statute, Cerus's articles of incorporation and by-laws, any existing agreements, or any resolution (or otherwise) of the Board of Directors of Cerus; provided, however, that Cerus shall not seek from its former officers and directors repayment of payments made or defense expenses incurred by them or on their behalf in this Litigation.

11. The distribution of the Notice and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Any plan of allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. The Settling Parties agree that the amount of the Settlement Fund, as well as the other terms of the Settlement, reflects a good-faith settlement of Representative Plaintiffs' and the other Settlement Class Members' claims in the Litigation, reached voluntarily after consultation with experienced legal counsel.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or any of them, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Released Persons may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Defendants have denied and continue to deny each and all of the claims alleged in the Litigation.  Any Settling Party, and any Settlement Class Member, may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur on or before April 1, 2007, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - C-03-5517-JF(RS)                                                                                              - 4 -

1  shall be vacated and, in such event, all orders entered and releases delivered in connection herewith

2  shall be null and void to the extent provided by and in accordance with the Stipulation.

3      IT IS SO ORDERED.

4

5  DATED: ___2/16/07_____     _____

                                                THE HONORABLE JEREMY FOGEL

6                                                  UNITED STATES DISTRICT JUDGE

7  Submitted by:

8  LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
9  PATRICK J. COUGHLIN
   JOHN K. GRANT
10 LUKE O. BROOKS
   100 Pine Street, Suite 2600
11 San Francisco, CA  94111
   Telephone: 415/288-4545
12 415/288-4534 (fax)

13 LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
14 WILLIAM S. LERACH
   JOY ANN BULL

15

16

                    s/ Joy Ann Bull
17                     JOY ANN BULL

18 655 West Broadway, Suite 1900
   San Diego, CA  92101
19 Telephone: 619/231-1058
   619/231-7423 (fax)
20

   Lead Counsel for Plaintiffs
21

   S:\Settlement\Cerus.set\JUDGMENT 00038888.doc
22

23

24

25

26

27

28

# EXHIBIT 1



RECEIVED DDS

JAN 16 2007

CLAIMS CENTER

Cerus Securities Litigation
Claims Administrator

In RE Cerus Corporation Litigation, Master File No. C-03-5517-JF(RS)

Please be advised that my wife (Evelyn P. Ifft) and I (Lawrence R. Harvill) hereby request that we be excluded from the above mentioned litigation.

Between the dates of December 19, 2000 and January 30, 2003 we did purchase the followoing shares of Cerus stock and sold none.

The transactions were:

    100 shares purchased on 9/10/2001
    200 shares purchased on 2/4/2002
    100 shares purchased on 8/5/2002
    100 shares purchased on 10/7/2002

The total shares purchased during the indicated period = 500.

These shares are held by our living trust –

    The Family Trust of Lawrence R. Harvill and Evelyn P. Ifft
    Dated: January 15, 1998
    Type: Revocable
    Trustor(s): Lawrence R. Harvill and Evelyn P. Ifft
    Taxpayer ID no's:

_____   1/11/07     _____   1/11/07
Lawrence R. Harvill                                     Evelyn P. Ifft

723 Buckingham Dr. Redlands, CA 92374

**Exhibit 1**




CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

    s/ Joy Ann Bull
JOY ANN BULL

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:Joyb@lerachlaw.com

# Mailing Information for a Case 5:03-cv-05517-JF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Luke O Brooks**
  lukeb@lerachlaw.com e_file_sf@lerachlaw.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Terri Garland**
  tgarland@mofo.com clementine@mofo.com;bderuiter@mofo.com;tarmaz@mofo.com

- **John K. Grant**
  johnkg@lerachlaw.com
  e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com;KiyokoH@lerachlaw.com;cwood@lerachlaw

- **Raymond M. Hasu**
  rhasu@mofo.com kbobovski@mofo.com;edowney@mofo.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)